IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANETTE HOWELL, ) | No. CV-F-07-371 OWW/TAG |
| ) | |
| ) | ORDER DENYING DEFENDANTS' |
| ) | MOTION TO DISMISS FIRST |
| Plaintiff, ) | AMENDED COMPLAINT AS MOOT |
| ) | (Doc. 7); STRIKING SECOND |
| vs. ) | AMENDED COMPLAINT FILED ON |
| ) | APRIL 6, 2007 (Doc. 12) |
| ) | GRANTING IN PART AND |
| CITY OF FRESNO, et al., ) | DENYING IN PART PLAINTIFF'S |
| ) | MOTION FOR LEAVE TO FILE |
| ) | SECOND AMENDED COMPLAINT |
| Defendant. ) | (Doc. 21); DIRECTING |
| ) | PLAINTIFF TO FILE SECOND |
| ) | AMENDED COMPLAINT; AND |
| _____ ) | GRANTING PLAINTIFF'S MOTION |
| | TO REMAND REMOVED ACTION |
| | (Doc. 13) |

Before the Court are Defendants' Motion to Dismiss First
Amended Complaint, Plaintiff's Motion for Leave to File Second
Amended Complaint, and Plaintiff's Motion to Remand Removed
Action.

    A.  Procedural Background.

    Plaintiff filed a Complaint for Damages for Employment

1

Discrimination against the City of Fresno Police Department, Captain Pat Rhames, Sergeant Earl Kaundart, Chris Dick and Does 1-100.  The Complaint was filed in the Fresno County Superior Court on November 17, 2006.  The Complaint alleges a First Cause of Action "Violation of FEHA, Refusal to Hire Based on Race" and as a Second Cause of Action "for Civil Rights Act Violations", the Second Cause of Action alleging that Defendants ... were subject to the provisions of state and federal laws under which Plaintiff has certain civil rights, and Defendants violated those laws ...."

On February 9, 2007, Plaintiff filed a First Amended Complaint for Damages for Employment Discrimination against Defendants in the Fresno County Superior Court.  The First Cause of Action is for "Violation of FEHA, Refusal to Hire Based on Race".  The Second Cause of Action alleges that "in refusing to hire Plaintiff, Defendants ... violated Title VII of the Civil Rights Act of 1964 and specifically 42 U.S.C. § 2000e-2(a)(1), failure to hire based on race."  The Third Cause of Action is "For Refusal to Hire in Violation of Public Policy".  The Fourth Cause of Action is "For Violation of the California Constitution Article I Section 8".

On March 3, 2007, Defendants removed the action to this Court.  The Notice of Removal states in pertinent part:

> 2.  Plaintiff's Complaint filed on November 17, 2006, did not have a Title VII action alleged against Defendants.  The first date upon which Defendants received a copy of the First Amended Complaint was February 9, 2007,

1  after Defendants' counsel was served by
   Plaintiff's counsel a copy of the First
2  Amended Complaint by mail.

3  3.   This action is a civil action of which
   this Court has jurisdiction under 28 U.S.C.
4  §§ 1331 and 28 U.S.C. § 1343(a)(3) and (4),
   and is one which may be removed to this Court
5  by Defendants pursuant to the provisions of
   28 U.S.C. § 1441(a),(b), and (c), in that it
6  arises under several federal statutes,
   including Title VII of the Civil Rights Act
7  of 1964, 42 U.S.C. §§ 2000e, et. seq.;
   California Government Code §§ 12940, et seq.;
8  and California Constitution, Article I,
   Section 8.

9

10     On March 12, 2007, Defendants filed a Motion to Dismiss

11 [First Amended] Complaint, or Alternatively, Motion for More

12 Definite Statement; and Motion to Strike Portions of the [First

13 Amended] Complaint, noticing the motions for hearing on April 23,

14 2007.

15     On April 6, 2007, Plaintiff, without first moving for and

16 obtaining leave to do so, filed a Second Amended Complaint.

17 (Doc. 12)  Also on April 6, 2007, Plaintiff filed a Motion to

18 Remand based on the filing of the Second Amended Complaint,

19 noticing the Motion to Remand for hearing on May 14, 2007.  (Doc.

20 13).

21     On April 10, 2007, Defendants filed a Declaration of Non-

22 Receipt of Opposition to Defendants' Motion to Dismiss and Motion

23 to Strike Plaintiff's First Amended Complaint.  (Doc.19)

24     On April 11, 2007, a Minute Order was entered:

25     In the interest of judicial economy, the
       Motion to Dismiss currently set for 4/23/07
26     and the Motion to Remand will both be heard

3

**on 5/14/2007 at 10:00 AM in Courtroom 3 (OWW) before Judge Oliver W. Wanger. ** (It appears that plaintiff did not seek leave of court prior to filing a Second Amended Complaint).**

On April 12, 2007, Plaintiff filed a Motion for Leave to File a Second Amended Complaint, noticing the motion for hearing on May 14, 2007.  (Doc. 21)

On April 30, 2007, Defendants filed a Second Declaration of Non-Receipt of Opposition to Defendants' Motion to Dismiss and Motion to Strike Plaintiff's First Amended Complaint.  (Doc. 33)

On April 30, 2007, Plaintiff filed an opposition to Defendant's Motion to Dismiss and Motion to Strike Plaintiff's First Amended Complaint.  (Doc. 34).

B. <u>Defendants' Motion to Dismiss First Amended Complaint</u>.

Although Defendants' motion to dismiss the First Amended Complaint was filed prior to the other motions before the Court, the motion to dismiss the First Amended Complaint is denied as moot.  As discussed below, the grounds upon which Defendants seek dismissal of the First Amended Complaint are raised in opposition to Plaintiff's motion for leave to file the proposed Second Amended Complaint, making discussion of the issues duplicative and unnecessary.

C. <u>Plaintiff's Motion for Leave to File Second Amended Complaint</u>.

As noted, Plaintiff filed the Second Amended Complaint without first obtaining leave of court to do so.  Plaintiff's counsel asserts that he believed he had a right to file the

4

Second Amended Complaint as of right pursuant to Rule 15(a),
Federal Rules of Civil Procedure.

However, Rule 15(a) provides in pertinent part:

> A party may amend the party's pleading once
> as a matter of course at any time before a
> responsive pleading is served ... Otherwise a
> party may amend ... only be leave of court or
> written consent of the adverse party ....

"When a state court action is removed to federal court, the removed action is treated as if the original action has been commenced in federal court." *Schnabel v. Lui*, 302 F.3d 1023, 1037 (9th Cir.2002); *see also Butner v. Neustadter,* 324 F.2d 783, 785 (9th Cir.1963)("The federal court takes the case as it finds it on removal and treats everything that occurred in the state court as if it had taken place in federal court."). Because Plaintiff had filed the First Amended Complaint in state court prior to removal to this court, Plaintiff had amended her pleading once as a matter of course. Plaintiff cannot file a Second Amended Complaint without first obtaining leave of court. *Whitehead v. Viacom*, 233 F.Supp.2d 715, 719 (D.Md.2002). Therefore, to the extent that Plaintiff filed the Second Amended Complaint on April 6, 2007, that filing is ineffective and the Second Amended Complaint is STRICKEN.

Plaintiff seeks leave to file a Second Amended Complaint to eliminate the Second Cause of Action in the First Amended Complaint for violation of Title VII and to clarify the First Cause of Action for which Defendants sought a more definite statement.

Rule 15(a) provides that "leave shall be freely granted when justice so requires."  Rule 15(a)'s policy of favoring amendments to the pleadings should be applied with "'extreme liberality'". *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987).

Defendants contend that leave to file the Second Amended Complaint should be denied because the proposed amendments will be futile.

Leave to amend may be denied if the proposed amended pleading is futile or would be subject to dismissal.  *Deveraturda v. Globe Aviation Security Services,* 454 F.3d 1043, 1046 (9th Cir.2006); *Saul v. United States*, 928 F.2d 829, 843 (9th Cir.1991).  "'[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir.1997); *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir.1988).  Futility of amendment, standing alone, can justify the denial of a motion for leave to amend.  *United States ex rel. Lee v. SmithKline Beecham, Inc.,* 245 F.3d 1048, 1052 (9th Cir.2001).  Because futility essentially examines whether a statement of a claim has been made, the standards governing resolution of a Rule 12(b)(6) motion are set forth.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint.  *Novarro v. Black*, 250 F.3d 729, 732 (9th Cir.2001).  Dismissal of a claim under Rule 12(b)(6) is appropriate only where "it appears beyond doubt that the

6

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir.2003). Immunities and other affirmative defenses may be upheld on a motion to dismiss only when they are established on the face of the complaint. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir.1999); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-706 (9th Cir.1988).

The proposed Second Amended Complaint alleges in pertinent part that Plaintiff is an African-American and a black person.

Defendants include the City of Fresno, Captain Pat Rhames and Sergeant Earl Kaundart who are alleged to be employed by Fresno Police Department and Defendant Chris Dick is "sometimes employed" by the Fresno Police Department.  The proposed Second Amended Complaint alleges in pertinent part:

> 2.  Defendant, City of Fresno, is ... an employer, and is subject to suit under the California Fair Employment and Housing Act, *California Government Code § 12900 et seq.* (FEHA) ... The City of Fresno Police Department is a department of the City of Fresno and is not a legal entity separate and apart from the City of Fresno, and cannot be sued separately from the City of Fresno. Therefore, any reference to the City of Fresno Police Department is a reference to the Defendant City of Fresno.  Further, any reference to the City of Fresno Police Department in any Complaint filed with the Department of Fair Employment and Housing is a reference to the City of Fresno, because the City of Fresno Police Department is a department of the City of Fresno.

Defendants Rhames, Kaundart, and Dick are alleged to be "subject to suit under the California Fair Employment and Housing Act". Defendant Rhames is alleged to be "a supervisor as that term is defined in *California Government Code § 12926(r)*, part of the codified California Fair Employment and Housing Act".  The First Cause of Action is for violation of FEHA for refusal to hire Plaintiff based on race and alleges in pertinent part:

> 9.  On or about December 5, 2005, Plaintiff applied to the personnel office of Defendant City of Fresno for a position with the City of Fresno Police Department ... requesting employment as an Identification Technician I, but Defendants refused to hire Plaintiff.

8

10.   In the process of determining whether or not to hire Plaintiff, Defendants and each of them conducted an investigation of Plaintiff and in the course of that investigation ..., falsely accused Plaintiff of using illegal drugs.   Defendants then used the pretext of this false accusation to refuse to hire Plaintiff, when the real reason for refusing to hire Plaintiff was because Plaintiff is an African-American and a black person.

11.   The falsity of the accusation is underscored by the fact that Plaintiff is and for the past decade has been a City of Fresno employee and has been regularly tested for the use of illegal drugs, and has always passed those drug tests.

12.   At all times herein mentioned, Plaintiff was qualified for the position of Identification Technician I with the ... Fresno Police Department in that Plaintiff had studied criminology at the college level, had been a City of Fresno employee for ten (10) years, with all good evaluations, and had experience in customer relations and otherwise met the job qualifications.

13.   Defendants' refusal to hire Plaintiff constitutes disparate treatment in that it was based on the fact that Plaintiff is an African-American and a black person. Defendants intentionally refused to hire Plaintiff because of Plaintiff's race. Plaintiff bases this conclusion on the fact that Defendants continued to seek applicants for the position of Identification Technician I, and that Plaintiff is informed and believes and thereon alleges that Defendants ultimately hired two white applicants with the same or substantially the same qualifications as Plaintiff.   Further, the Defendants' accusation that Plaintiff used illegal drugs was nothing other than a pretext to mask the real reason why Defendants failed to hire Plaintiff, which was and is that Plaintiff is an African-American and a black person.

14.   Defendants' discriminatory action against Plaintiff, as alleged above,

9

constituted unlawful discrimination in
employment on account of race, in violation
of *California Government Code § 12940(a)*.

...

18.  The above-recited actions of Defendants
and in particular refusal to hire Plaintiff
and instead falsely accusing her of using
illegal drugs were all despicable acts done
with a willful intention to injure Plaintiff
or in conscious disregard of Plaintiff's
rights under FEHA.  Further the refusal to
hire Plaintiff was despicable conduct that
subjected Plaintiff to cruel and unjust
hardship in conscious disregard of
Plaintiff's rights under FEHA.

19.  On April 19, 2006, and within one year
of the date of the discrimination committed
by Defendants, Plaintiff filed a charge of
discrimination with the California Department
of Fair Employment and Housing (DFEH).  In
her charge of discrimination, Plaintiff, an
unsophisticated person who has never filed a
charge of discrimination with the DFEH
before, stated the false pretext that the
Defendants and each of them gave as the
excuse for failing to hire her, i.e., that
she had been falsely accused of using illegal
drugs, when the Defendants' real reason for
failing to hire Ms. Howell is that she is an
African-American and a black person.  In her
charge, Ms. Howell identified that it was the
Defendants, who were refusing to hire her,
and who, instead of hiring her, had
'harassed' her in their investigation to
determine whether to hire her, and who had
falsely accused her of using drugs in the
course of their investigation into whether to
hire her.

20.  The aforesaid charge of discrimination
is like and related to the causes of action
in this complaint, for the following reasons.
An investigation into Plaintiff's charge of
discrimination would lead to the fact that
the charge of harassment was harassment of
Plaintiff during the Defendants'
investigation of Plaintiff to determine
whether to hire Plaintiff.  An investigation

1           into Plaintiff's charge of falsely being
          accused of using illegal drugs would lead to

2           the fact that Plaintiff's charge was and is
          that Defendants were using the false

3           accusation as an excuse to refuse to hire
          Plaintiff for the position for which she had

4           applied, to be an Identification Technician I
          with the ... Fresno Police Department.

5           Further, in the charge of discrimination,
          Plaintiff explicitly states that the reason

6           for the discriminatory acts is because she is
          an African-American and a black person.

7

8           21.  On April 10, 2006 the DFEH issued to
          Plaintiff a notice of right to bring a civil
          action.

9

10           22.  On January 31, 2007 Plaintiff amended
          her aforesaid charge of discrimination with
          the DFEH to specify that by Fresno Police

11           Department she meant the City of Fresno, and
          that Chris LNU, i.e., Last Name Unknown, was

12           Chris Dick.

13 The First Cause of Action is for violation of FEHA for refusal to

14 hire Plaintiff based on race.

15     The Second Cause of Action is for violation of public policy

16 for refusal to hire Plaintiff based on race.  The Second Cause of

17 Action incorporates all preceding allegations and alleges:

18           24.  It is against public policy under
          California state law to discriminate on the

19           basis of race in the hiring of employees.

20           25.  Defendants and each of them violated
          that California state law public policy by

21           refusing to hire Jeanette Howell on the basis
          of race.

22

23     The Third Cause of Action is for violation of California

24 Constitution, Article I, Section 8.  The Third Cause of Action

25 incorporates all preceding allegations and asserts:

26           28.  Article I, Section 8 of the California

> Constitution prohibits disqualifying a person
> from employment because of race.
>
> 29.   Defendants and each of them violated
> California Constitution Article I, Section 8
> by disqualifying Plaintiff from entering
> employment with the City of Fresno, Fresno
> Police Department because of her race.

All three causes of action are alleged against all Defendants.

All three causes of action pray for, *inter alia* (1) back pay,

front pay, and other monetary relief according to proof; (2)

general damages, and special damages sufficient to compensate

Plaintiff for her losses and suffering, according to proof; (3)

punitive damages in an amount appropriate to punish Defendants

for their wrongful conduct and set an example for others (except

as to the Defendant City of Fresno; and (4) interest on the sum

of damages awarded, calculated from January 27, 2006 to the date

of judgment.   Plaintiff also prays for reasonable attorneys fees

and costs of suit.

>      1.   Personal Liability of Individual Defendants.

     Defendants correctly argue that Plaintiff cannot obtain

relief  against the individual Defendants under the FEHA, citing

*Miller v. Maxwell's International, Inc.*, 991 F.2d 583, 587-588

(9th Cir.1993) and *Reno v. Baird*, 18 Cal.4th 640, 663

(1998)("[W]e conclude that individuals who do not themselves

qualify as employers may not be sued under the FEHA for alleged

discriminatory acts.").   In addition, because Plaintiff cannot

obtain relief against the individual Defendants under the FEHA,

Plaintiff cannot obtain relief against these Defendants for

violation of public.  *Reno v. Baird*, *id.,* at 663-664.

Plaintiff refers to a statement in Defendants' opening brief in support of their motion to dismiss the First Amended Complaint that "[t]he present lawsuit arises from the alleged non-hiring of Plaintiff as an Identification Technician I at the City of Fresno Police Department, after she was removed from the eligible list because she did not successfully complete the background investigation process for consideration of a conditional offer of employment."  Plaintiff asserts that this representation means that Plaintiff was discriminated against under California Government Code §§ 12940(c) and (i).

Sections 12940(c) and (i) provides in pertinent part:

> It shall be an unlawful employment practice, unless based upon a bona fide occupational qualification, or, except where based on applicable security regulations by the United States or the State of California:
>
> ...
>
> (c) For any person to discriminate against any person in the selection or training of that person in any apprenticeship training program or any other training program leading to employment because of the race ... of the person discriminated against.
>
> ...
>
> (i) For any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this part, or attempt to do so.

Referring to the definition of "person" in California Government Code § 12925(d)("one or more individuals ...") and to the definition of "supervisor" in California Government Code §

13

12926(r)("any individual have the authority, in the interest of the employer, to hire ... other employees ... if, in connection with the foregoing, the exercise of that authority is not of a merely routine or clerical nature, but requires the use of independent judgment"), Plaintiff notes that the Second Amended Complaint alleges that Defendant Rhames is a "supervisor" within the meaning of Section 12926(r) and contends that the allegations permit the inference that Defendants Kaundart and Dick are "persons" within the meaning of Section 12925(d). Because Sections 12940(c) and (i) refer to any "person" as opposed to the "employer", Plaintiff argues that she is entitled to recover from the individual Defendants for the alleged violation of the FEHA.

Plaintiff's position is without merit. The proposed Second Amended Complaint does not allege a violation of either Section 12940(c) or Section 12940 (i). Paragraph 14 alleges that "Defendants' discriminatory action against Plaintiff, as alleged above, constituted unlawful discrimination in employment on account of race, in violation of *California Government Code §* *12940(a).*" Section 12940(a) makes it unlawful "[f]or an <u>employer</u>, because of race ... to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment ...." (Emphasis added.) Because Defendants moved to dismiss the First Amended Complaint on the ground that the individual Defendants were not liable under the FEHA and because Plaintiff seeks leave to the file the Second Amended Complaint to clarify the First Cause of Action,

14

Plaintiff's failure to include allegations in the proposed Second Amended Complaint to allege violations of Section 12940(c) or Section 12940 (i) is telling.   Further, there are no facts alleged in the proposed Second Amended Complaint from which it may be inferred that the position for which Plaintiff applied was an "apprenticeship training program or any other training program leading to employment" within the meaning of Section 12940(c). The proposed Second Amended Complaint alleges that Plaintiff "is and for the past decade has been a City of Fresno employee" at the time she applied for the position Identification Technician I.

Defendants further cite *Vernon v. State of California*, 116 Cal.App.4th 114 (2004).   In *Vernon*, a city firefighter filed a suit against the State of California for, among other things, employment discrimination under the FEHA.   Because the State was not Vernon's employer, the State was not liable to Vernon under the FEHA.   Vernon argued that the State may be liable to him, if not as an employer, then as an "aider and abettor" under Section 12940(i), because the State aided and abetted a discriminatory employment practice by the City which eventually resulted in his termination.   *Id.,* at 131.   The Court of Appeal rejected this argument, holding in relevant part that, pursuant to *Reno v. Baird, supra*, 18 Cal.4th 640, Section 12940(i) does not permit liability against an individual or entity which is not the "employer."   *Id.* at 132.

In *Janken v. GM Hughes Electronics*, 46 Cal.App.4th 55

15

(1996), cited with approval by the Supreme Court in *Reno v. Baird,* the Court of Appeals rejected individual liability of supervisory employees under the FEHA pursuant to the aiding and abetting provision, then Section 12940(g) and now Section 12940(i).  The Court of Appeals held:

> Section 19240, subdivision (g) provides that it is an unlawful employment practice for 'any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden' by the FEHA, or 'to attempt to do so.'  Plaintiffs contend that the supervisory employee defendants here can be held liable on the theory that, in making the challenged personnel decisions on behalf of Hughes, they 'aided and abetted' Hughes.

> Preliminarily, we can discern purposes for the 'aid and abet' language independent of any involving the liabilities of supervisory employees.  This language makes it unlawful, for example, for third parties such as customers or suppliers to induce or coerce prohibited discrimination or harassment. Plaintiffs contend, however, that this 'aid and abet' language also places individual supervisory employees at risk of personal liability for personnel management decisions in which they participate.  We must now decide whether the Legislature intended to accomplish a result so significant by a method so abstruse.

> Aiding and abetting occurs when one helps another commit a prohibited act ... The concept of aiding and abetting involves two separate persons, one helping the other. Here we deal with individual employees of a corporate employer.  A corporation can act only through its individual employees ... Our question is whether it can properly be said that a corporate employee is 'aiding and abetting' his or her corporate employer when the corporate employee acts on behalf of the corporation by making a personnel decision or, more precisely, whether this is the meaning intended by the Legislature.

16

Conspiracy is a concept closely allied with aiding and abetting.  A conspiracy generally requires agreement plus overt act causing damage ... Aiding and abetting requires not agreement, but simply assistance.  The common basis for liability for both conspiracy and aiding and abetting, however, is concerted wrongful action ... A corporate employee cannot conspire with his or her corporate employer; that would be tantamount to a person conspiring with himself.  Thus when a corporate employee acts in his or her authorized capacity on behalf of his or her corporate employer, there can be no claim of conspiracy between the corporate employer and the corporate employee ... In such a circumstance, the element of concert is missing.

Similar reasoning applies to aiding and abetting.  Linguistically, it is questionable whether it can properly be said that an employee who exercises delegated personnel management authority is 'aiding and abetting' his or her employer in managing personnel, and the stilted and unusual nature of such usage alone casts doubt on plaintiffs' construction.  Had the Legislature intended to place all employees charged with the duty of making personnel decisions in California at risk of personal liability, we believe the Legislature would have done so by language more direct and less susceptible to doubt.  Moreover, since a corporation can act only through its employees, the element of concert is missing in the 'aiding and abetting' context just as in the conspiracy context.

The not untypical allegations in this case illustrate the problematic nature of plaintiffs' construction.  The allegations charge that the individual supervisory defendants made their personnel decisions in accordance with corporate policy, but that the corporate policy violated the FEHA.  The corporate policy can only be implemented by individuals, hence the construction urged by plaintiffs would regularly place the personnel management risks of corporate enterprise upon individuals who are merely employees of the enterprise.  Those

17

1
2
3
4
5
6
7
8
9
10
11
12

       individual supervisory employees would bear a
       greater personnel management risk than the
       owners of the corporation who benefit from
       the fruits of the enterprise, but who are not
       exposed to personal liability because of the
       limited liability nature of a corporation.
       These considerations raise 'incongruities; of
       the same type that caused the federal
       circuits to find that the 'agent' language
       was not intended to impose personal liability
       on individual supervisory employees.  A known
       agent of a disclosed principal is not
       normally personally liable for transactions
       consummated on behalf of the principal.
       Plaintiffs here contend that the Legislature
       intended a different rule to apply here
       without saying so directly.  For the reasons
       stated here plus those stated above in
       connection with the 'agent' issue, we
       conclude that the Legislature did not intend
       to impose personal liability upon individual
       supervisory employees by the roundabout
       method of 'aiding and abetting' language.

13   46 Cal.App.4th at 77-79.

14       Because the California Supreme Court cited *Janken* with

15   approval in *Reno v. Baird*, *supra*, Plaintiff's reliance on Section

16   12940(i) to impose personal liability on the individual

17   Defendants for the alleged violation of the FEHA by the City of

18   Fresno is misplaced.  As a matter of law, Plaintiff cannot seek

19   to impose personal liability on the individual Defendants for the

20   alleged violation of the FEHA in the First Cause of Action or for

21   the alleged violation of California public policy in the Second

22   Cause of Action.

23       Consequently, leave to file the proposed Second Amended

24   Complaint to allege personal liability of the individual

25   Defendants for the First and Second Cause of Action is DENIED on

26

18

the ground of futility as a matter of law.[1]

       2.  <u>Failure to Exhaust Administrative Remedies Under the FEHA</u>.

     Defendants argue that leave to file the proposed Second Amended Complaint should be denied as futile because Plaintiff has failed to exhaust administrative remedies before the DFEH.

     Under California law an employee must exhaust the ... administrative remedy provided by the FEHA by filing an administrative complaint with the DFEH and obtaining the DFEH's notice of right to sue before bringing suit on a cause of action under the FEHA or seeking the relief provided under the FEHA. *Rojo v. Kliger*, 52 Cal.3d 65, 88 (1990).  "To exhaust his or her administrative remedies as to a particular act made unlawful by the Fair Employment and Housing Act, the claimant must specify that act in the administrative complaint, even if the complaint does specify other cognizable wrongful acts."  *Martin v. Lockheed Missiles & Space Co.*, 29 Cal.App.4th 1718, 1724 (1994).  In the context of the FEHA, the failure to exhaust an administrative remedy is a jurisdictional, not a procedural defect.  *Id.; but see Grant v. CompUSA, Inc.,* 109 Cal.App.4th 637, 644-645 (2003)("Other courts, both state and federal, have questioned

_____

[1]This conclusion makes it unnecessary to address Defendants' additional ground for denying leave to file the Second Amended Complaint seeking personal liability against the individual Defendants with regard to the three causes of action on the ground of futility on the basis of the statutory immunity from liability set forth in California Government Code § 820.2.

whether the failure to exhaust FEHA or EEOC ... remedies is truly jurisdictional in the sense of depriving a trial court of fundamental or subject matter jurisdiction, or whether it should be viewed merely in the nature of a condition precedent or an affirmative defense that can be waived if it is not asserted by the defendant."). However, as explained in *Soldinger v. Northwest Airlines, Inc.* 51 Cal.App.4th 345, 381 (1996), quoting *Okoli v. Lockheed Technical Operations Co.*, 36 Cal.App4th 1607, 1615 (1995):

> Incidents not described in a DFEH charge can be included in the subsequently filed lawsuit if they would necessarily have been discovered by investigation of the charged incidents, i.e., if the allegations in the civil complaint were 'like or related' to those specified in the DFEH charge ... 'Essentially, if an investigation of what *was* charged in the [administrative agency filing] would necessarily uncover other incidents that were not charged, the latter incidents could be included in a subsequent [civil] action.' ....

The Amended Complaint of Discrimination filed by Plaintiff with the DFEH on April 5, 2006 states:

> NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

Plaintiff's Amended Complaint of Discrimination lists "Fresno, City of,/Police Department/Chris Dick" and checks in the various boxes for cause of discrimination "RACE" and "COLOR". The Complaint of Discrimination asserts that Plaintiff believes that "[f]rom January 24, 2006 to January 31, 2006" "Captain Rhames,

1   Chris LNU, Retired Police Officer; SGT Earl Kandart [sic]"

2   "[h]arrased me" "[a]ccused of using drugs" "because of my Race

3   (African-American) and Color (Black)".

4        Defendants, noting that the proposed Second Amended

5   Complaint alleges that Defendants discriminated against her by

6   failing to hire her for the position of Identification Technician

7   I because of her race, argue that, contrary to the allegations in

8   the proposed Second Amended Complaint, the DFEH investigators

9   would not have investigated a claim of employment discrimination

10  based on race based on the claims made in the charge of

11  discrimination:

12              Individuals can harass another
                employee/applicant without implicating
13              discrimination on the part of the employer
                ...  Plaintiff's claims of race and/or color
14              harassment by Defendants Rhames, Kaundart,
                and Dick occurring on January 24 to 31, 2006,
15              regarding accusations of drug use would not
                have focused on anything beyond those
16              harassment accusations during that time
                period, by those individuals.

17

18       Defendants' position is without merit.  Assuming, as the

19  Court must, the truth of Plaintiff's allegation that she applied

20  for the position with the Fresno Police Department on December 5,

21  2006, her claim to the DFEH that she was accused by officers of

22  the Fresno Police Department of drug use because of her race

23  would necessarily led the investigation to Plaintiff's

24  application for the position and the subsequent denial of her

25  application because of her alleged drug use.  Therefore, the

26  allegations in the proposed Second Amended Complaint are not

1  futile and leave to amend will not be denied on that ground.[2]

2      Defendants further contend that leave to file the proposed

3  Second Amended Complaint should be denied as futile with regard

4  to Defendant Chris Dick on the ground that he was not named in

5  the charge of discrimination filed the with the DFEH.

6      Because, as discussed above, Defendant Chris Dick has no

7  personal liability to Plaintiff under the FEHA, Defendants'

8  position is irrelevant.  In any event, the charge of

9  discrimination names Chris Dick as the employer, person, etc. who

10 discriminated against plaintiff and names "Chris LNU, Retired

11 Police Officer" as one of the officers who harrased Plaintiff and

12 accused her of drug use.  This is not a situation in which the

13 alleged perpetrator of the discriminatory act is not named or

14 described in the charge of discrimination.

15     Therefore, Defendants' assertion that leave to file the

16 proposed Second Amended Complaint should be denied as futile on

17 this ground is without merit.[3]

18          3.  <u>Second and Third Causes of Action</u>.

19     Defendants argue that leave to file the proposed Second

20 Amended Complaint should be denied on the ground of futility with

21

22     [2]Consequently, Defendants' contention that the First Cause of
   Action is barred by the one-year statute of limitations applicable
23 to FEHA claims is misplaced.

24     [3]Defendants further argue that Plaintiff's filing of the
   Amended Complaint of Discrimination on January 31, 2007 to correct
25 her "fatal error" of not naming Defendant Chris Dick is untimely
   because the January 31, 2007 Amended Complaint of Discrimination
26 was not filed within the one-year period, is incorrect based on the
   conclusion set forth above.

regard to the Second Cause of Action for violation of public
policy and the Third Cause of Action for violation of the
California constitution.

             a.   <u>Failure to Comply with Claim Requirement of
the California Government Tort Claims Act</u>.

    Defendants argue that these causes of action cannot proceed
because Plaintiff has failed to allege compliance with the
California Government Tort Claims Act.

    California Government Code § 945.4 provides in pertinent
part:

> [N]o suit for money or damages may be brought
> against a public entity on a cause of action
> for which a claim is required to be presented
> in accordance with Chapter 1 (commencing with
> Section 900) and Chapter 2 (commencing with
> Section 910) of Part 3 of this division until
> a written claim therefor has been presented
> to the public entity and has been acted upon
> by the board, or has been deemed to have been
> rejected by the board, in accordance with
> Chapters 1 and 2 of Part 3 of this division.

Section 950.2 provides in pertinent part:

> [A] cause of action against a public employee
> or former public employee for injury
> resulting from an act or omission in the
> scope of his employment as a public employee
> is barred under Part I (commencing with
> Section 900) of this division or under
> Chapter 2 (commencing with Section 945) of
> Part 4 of this division.  This section is
> applicable even though the public entity is
> immune from liability for the injury.

California Government Code § 910 sets forth the contents of a
claim.  The failure to allege and prove compliance with state
imposed procedural conditions to sue bars the maintenance of a

23

1  cause of action based upon those pendant State claims.  *City of*
2  *San Jose v. Superior Court*, 12 Cal.3d 447, 455 (1974); *Ortega v.*
3  *O'Connor*, 764 F.2d 703, 707 (9ᵗʰ Cir. 1985), *rev'd in part on*
4  *other grounds*, 480 U.S. 709 (1987); *Jacobsen v. Marin General*
5  *Hospital*, 963 F.Supp. 866, 870-871 (N.D.Cal. 1997).

6       Plaintiff, citing *City of Moorpark v. Superior Court*, 18
7  Cal.4th 1143, 1148 (1998) and *Scott v. Solano*, 459 F.Supp.2d 959,
8  968-969 (E.D.Cal.2006), argues that common law discrimination
9  claims are not subject to the California Tort Claims Act.

10       However, neither *City of Moorpark* or *Scott v. Solano* so
11  hold.  The issue before the Supreme Court in *City of Moorpark* was
12  whether California Labor Code § 132a provides the exclusive
13  remedy for discrimination based on a work-related injury,
14  precluding FEHA or common law wrongful discharge claims, the
15  California Supreme Court concluding that Section 132a does not
16  provide the exclusive remedy.  18 Cal.4th at 1148.  In *Scott v.*
17  *Solano* the issue was whether the public entity was entitled to
18  dismissal of the plaintiff's constructive discharge and
19  discipline claims in violation of public policy pursuant to
20  California Government Code § 815(a)("Except as otherwise provided
21  by statute: [¶] (a) A public entity is not liable for an injury,
22  whether such injury arises out of an act or omission of the
23  public entity or a public employee or any other person.").  Judge
24  Karlton, relying on *City of Moorpark*, held that the wrongful
25  discharge claim was not barred by Section 815(a) or any other
26  statutory immunity potentially available to the city.  459

F.Supp.2d at 968.

Compliance with the claim requirement of California law is not limited to tort actions.  In *Hart v. County of Alameda*, 76 Cal.App.4th 766, 778-779 (1999), the Court of Appeal stated in pertinent part:

> Under the Claim Act, no suit for 'money or damages' may be brought against a public entity until a written claim has been presented to the public entity and the claim either has been acted upon or is deemed to have been rejected.  (Gov. Code §§ 905, 945.4) A suit for 'money or damages' includes all actions where the plaintiff is seeking monetary relief, regardless whether the action is founded in '"tort, contract or some other theory."' (*Baines Pickwick Ltd. v. City of Los Angeles*, *supra*, 72 Cal.App.4th at p. 307, ...; *Loehr v. Ventura County Community College Dist.* (1983) 147 Cal.App.3d 1071, 1079 ....
>
> Although a few courts have stated that the Claims Act applies only to tort claims (see, e.g., *National Automobile & Cas. Ins. Co. v. Pitchess* (1973) 35 Cal.App.3d 62 ..., this view has been criticized.  (*Baines Pickwitk Ltd. v. City of Los Angeles*, *supra*, 72 Cal.App.4th 298, 305-310; *Alliance Financial v. City and County of San Francisco* (1998) 64 Cal.App.4th 635, 641-642 ... As explained by *Baines Pickwick*, the Legislature intended the claims presentation statutes to broadly apply to '"'all forms of monetary demands ...,'"' and the earlier conclusion that the Claims Act was limited to tort claims was based on government *immunity* statutes, which contain different statutory language.  (*Baines Pickwick Ltd. v. City of Los Angeles*, *supra*, 72 Cal.App.4th at pp. 305-310.)  We agree with this latter view and adopt the rule that the Claims Act is not limited to tort actions.

*See also Garcia-Holmes v. Los Angeles Unified School Dist.,* 2006 WL 2022882: "Garcia-Holmes's claim of wrongful discharge in

25

violation of public policy clearly sounded in tort.  As such, Garcia-Holmes failed to comply with the applicable six-month limit for filing a claim under the Tort Claims Act.  This failure is fatal to her present action."

Consequently, Plaintiff's motion for leave to file the proposed Second Amended Complaint to include the Second and Third Causes of Action is DENIED as futile.[4]

### 4.   Prayer for Prejudgment Interest and Punitive Damages.

Defendants argue that leave to file the proposed Second Amended Complaint should be denied as futile to the extent the proposed Second Amended Complaint prays for prejudgment interest and punitive damages.

### a.   Prejudgment Interest.

The proposed Second Amended Complaint prays for "interest on the sum of damages awarded, calculated from January 27, 2006 to the date of judgment."

Defendants argue that Plaintiff is not entitled to prejudgment interest.  Defendants rely on California Civil Code § 3291, which provides in pertinent part:

> In any action brought to recover damages for person injury sustained by any person

---

[4]This conclusion makes unnecessary any consideration of Defendants' arguments that leave to amend the Second and Third Causes of Action should be denied because of the failure to allege a statutory basis for the alleged violation of public policy, that there is no recognized claim for violation of public policy based on a refusal to hire, and that Article I, Section 8 of the California Constitution does not apply to a refusal to hire.

> **resulting from or occasioned by the tort of
> any other person, corporation, association,
> or partnership, whether by negligence or by
> willful intent ..., it is lawful for the
> plaintiff in the complaint to claim interest
> on the damages alleged as provided in this
> section.**
>
> **...**
>
> **This section does not apply to a public
> entity, or to a public employee for an act or
> omission within the scope of employment, and
> neither the public entity nor the public
> employee shall be liable, directly or
> indirectly, to any person for any interest
> imposed by this section.**

Plaintiff argues that Section 3291 does not bar prejudgment interest in this case because the claims alleged in the proposed Second Amended Complaint are not personal injury claims.

In *Gourley v. State Farm Mut. Auto. Ins.*, 53 Cal.3d 121, 123 (1991), the California Supreme Court held that the applicability of Section 3291 depends on the primary purpose of the cause of action, concluding that prejudgment interest under Section 3291 "is not available in insurance bad faith actions because such actions are brought primarily to recover *economic loss* caused by the tortious interference with a property right, and any damages recovered for actual personal injury, including emotional distress, are incidental to the award of economic damages." In *Bihun v. AT&T Information Systems, Inc.*, 13 Cal.App.4th 976, 1001-1005 (1993), the Court of Appeals concluded that an under the FEHA for sexual harassment in the workplace is an action for personal injury within the meaning of Section 3291:

> As early as 1915, the United States Supreme

27

Court declared 'the right to work for a
living in the common occupations of the
community is of the very essence of the
*personal freedom* and opportunity that it was
the purpose of [the Fourteenth Amendment] to
secure.'...  Even before that, the California
Constitution declared: 'No person shall, on
account of sex be disqualified from entering
upon or pursuing any lawful business,
vocation or profession.' ... Our Supreme
Court has consistently interpreted this
provision and the equal protection clause of
the Fourteenth Amendment as conferring a
personal right on women to be free to engage
in any business, vocation or profession
permitted to men ....

'"An injury is personal when it impairs the
well-being or the mental or physical health
of the victim."' ... It is beyond dispute
sexual harassment in the workplace has this
effect.  As one commentator familiar with the
subject put it, '[S]exual harassment exists
in terribly harsh, ugly, demeaning, and even
debilitating ways ... It is a form of
violence against women as well as a form of
economic coercion ...' ... The mere fact
sexual harassment occurs in the workplace
does not convert the invasion of a personal
right into the invasion of an economic one.
The gravamen of any sexual harassment claim
is that the alleged sexual advances were
"unwelcome."' ....

Even in the case of so-called 'quid pro quo'
harassment, the principal injury is personal,
not economic.  Threats involving actual job
benefits may never be expressed.  They may
never have to be.  The victim may capitulate
to a supervisor's demands or tolerate an
offensive environment because of a perceived,
albeit unarticulated, threat to his or her
employment status.  In that event, tangible
job benefits may never be actually threatened
but toleration of the harassment is, in
effect, a 'quid pro quo' not only for the
job-related benefits but for the job itself.
Where an employee is constructively
discharged because the employee can no longer
tolerate the supervisor's sexual harassment,
or is fired in retaliation for opposing the

28

1             supervisor's conduct, the employee has
           already suffered from a 'hostile

2             environment.'   Thus, 'quid pro quo' and
           'environmental' harassment are not distinct

3             forms of sexual harassment but more like
           poles of a continuum rooted in violation of

4             the personal right to be free from and
           unwanted and unwelcome sexual advances.

5

6             For these reasons we conclude a sexual
           harassment claim under FEHA seeks to
           vindicate decidedly personal rights.

7

8  13 Cal.App.4th at 1004-1005.    In *Holmes v. General Dynamics*

9  *Corp.*, 17 Cal.App.4th 1418, 1435-1437 (1993), the Court of

10  Appeals concluded that a tortious wrongful termination in

11  violation of public policy claim is not one to recover personal

12  injury damages within the meaning of Section 3291 but, rather,

13  involves the infringement of property rights:

14             Guided by *Gourley*'s categorical holding, we
           cannot say that a tortious wrongful

15             termination action is one to recover personal
           injury damages within the meaning of the

16             statute.   A wrongful termination claim
           primarily involves the infringement of

17             property rights, not personal injury ...
           Moreover, as in *Gourley*, the nature of a

18             tortious wrongful termination action is not
           to vindicate the plaintiff's personal

19             interest.   Rather, the essence of such claim
           is to vindicate the *public* interest ... The

20             similarities between an insurance bad faith
           claim and a tortious wrongful termination

21             action for purposes of this issue require us
           to conclude the court correctly determined

22             section 3291 was inapplicable ....

23             We reach the foregoing conclusion even though
           we are well aware that GD's conduct caused

24             Holmes to suffer extensive personal damages.
           As *Gourley* makes clear, in analyzing whether

25             an action falls within the ambit of section
           3291 a court must focus on the nature of the

26             tort rather than the type or extent of the

damages suffered in the particular case.

17 Cal.App.4th at 1436-1437.  *Holmes* distinguished *Bihun*:

> Here, by contrast, it is the employer's violation of a *public* policy resulting in the loss of a tangible *economic* benefit (a job), rather than the invasion of a personal freedom interest, which primarily defines the action.  We therefore conclude *Bihun* is inapposite.

17 Cal.App.4th at 1437 n.15.

The allegations of the proposed Second Amended Complaint demonstrate that the primary purpose of Plaintiff's claim is to recover for the loss of a tangible economic benefit, the employment position for which Plaintiff alleges she was not hired because of her race.  The allegations of the proposed Second Amended Complaint do not allege the type of harassment involved in *Bihun*.  Consequently, Plaintiff may seek prejudgment interest pursuant to Section 3291.

### b. <u>Punitive Damages</u>.

Defendants contend that the prayer for punitive damages should be stricken from the proposed Second Amended Complaint. Defendants argue that the allegations in Paragraph 18 are unsupported by specific factual allegations against the individual Defendants to allow an award of punitive damages under California Civil Code § 3294.  No punitive damages are reasonable against a public entity.  California Government Code § 818.

It is not necessary to address this issue because Plaintiff is not entitled to recover against any of the individual Defendants.  *See discussion supra*.

1    D.   <u>Plaintiff's Motion to Remand Removed Action</u>.

2         Plaintiff's motion to remand is based on the assumption that

3    leave to file the Second Amended Complaint will be granted.

4         Plaintiff's contention is that remand of the action will be

5    appropriate because of the elimination in the Second Amended

6    Complaint of the federal question cause of action upon which

7    removal was based.   Plaintiff relies on 28 U.S.C. § 1447(c),

8    which provides in pertinent part:

9              ... If at any time before final judgment it
               appears that the district court lacks
10             jurisdiction, the case shall be remanded ....

11        Plaintiff's position is incorrect. "[J]urisdiction must be

12   analyzed on the basis of the pleadings filed at the time of

13   removal without reference to subsequent amendments ... Because of

14   this rule, a plaintiff may not compel remand by amending a

15   complaint to eliminate the federal question upon which removal

16   was based." *Sparta Surgical Corp. v. National Ass'n of

17   Securities Dealers, Inc.,* 159 F.3d 1209, 1213 (9th Cir.1998).

18   Because Plaintiff does not contest that subject matter

19   jurisdiction existed in this court at the time of removal,

20   Plaintiff cannot rely on the elimination of the federal question

21   cause of action in the proposed Second Amended Complaint to

22   mandate remand under Section 1447(c).

23        28 U.S.C. § 1441(c) provides:

24             Whenever a separate and independent claim or
               cause of action within the jurisdiction
25             conferred by section 1331 of this title
               [federal question] is joined with one or more
26             otherwise non-removable claims or causes of

31

1    action, the entire case may be removed and
     the district court may determine all issues
2    therein, or, in its discretion, may remand
     all matters in which State law predominates.
3
     28 U.S.C. § 1367(a) provides in pertinent part:
4
          Except as provided in subsection[] ... (c) or
5         as expressly provided otherwise by Federal
          statute, in any civil action of which the
6         district courts have original jurisdiction,
          the district courts shall have supplemental
7         jurisdiction over all other claims that are
          so related to claims in the action within
8         such original jurisdiction that they form
          part of the same case or controversy under
9         Article III of the United States Constitution
          ....
10

11   Section 1367(c)(3) provides that the district court "may" decline

12   to exercise such supplemental jurisdiction if "the district court

13   has dismissed all claims over which it has original

14   jurisdiction".  As explained in *Albingia Versicherungs A.G. v.*

15   *Schenker Intern. Inc.*, 344 F.3d 931, *amended on other grounds*,

16   350 F.3d 916 (9th Cir.2003), *cert. denied,* 541 U.S. 1041 (2004):

17        [S]ection 1447(c) means that it if it is
          discovered at any time in the litigation that
18        there is no federal jurisdiction, a removed
          case must be remanded to the state court
19        rather than dismissed.  Section 1447(c) does
          not mean that if a facially valid claim
20        giving rise to federal jurisdiction is
          dismissed, then supplemental jurisdiction is
21        vitiated and the case must be remanded.  Once
          supplemental jurisdiction exists, it remains,
22        subject to the discretionary provision for
          remand in section 1441.
23

24      Although this court has discretion pursuant to Section

25   1441(c) to remand this action to state court because Plaintiff

26   has been allowed to file the Second Amended Complaint eliminating

                                    32

the Title VII cause of action, the court is not required to remand.[5]

Because leave has been granted to file the Second Amended Complaint, because no federal question is presented in the Second Amended Complaint, and because there have been no proceedings in this Court other than the motions discussed in this Order, discretion is exercised in favor of remanding the action, as amended by the Second Amended Complaint, to the Fresno County Superior Court.  The federal court has no interest in a local employment dispute, not asserting claims under federal law or the U.S. Constitution.

<u>CONCLUSION</u>

For the reasons stated above:

1.  The Second Amended Complaint filed on April 6, 2007 (Doc. 12) is STRICKEN.

2.  Defendants' motion to dismiss the First Amended Complaint is DENIED as moot.

3.  Plaintiff's motion for leave to file the proposed Second Amended Complaint is GRANTED IN PART AND DENIED IN PART. Plaintiff shall file a Second Amended Complaint in accordance with this Order within 20 days of the filing date of this Order.

4.  Defendant shall submit within five days following

---

[5]If remand is granted, Plaintiff seeks an award of attorneys' fees and costs.  However, Plaintiff is entitled to seek attorneys' fees and costs if remand is granted pursuant to 28 U.S.C. § 1447(c).  Because Section 1447(c) does not apply, Plaintiff is not entitled to attorneys' fees and costs.

1   service, a form of order consistent with this Decision.

2        5.   Once Plaintiff has filed the Second Amended Complaint as

3   ordered herein, Plaintiff's motion to remand action is GRANTED

4   and this action is remanded to the Fresno County Superior Court.

5   IT IS SO ORDERED.

6   Dated:   __May 22, 2007__          _____/s/ Oliver W. Wanger_____
                                       UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26