JAMES C. SANCHEZ, City Attorney
CITY OF FRESNO
By:  Tina R. Griffin, Deputy (#210328)
2600 Fresno Street
Fresno, California 93721-3602
Telephone:  (559) 621-7500
Facsimile: (559) 488-1084

Attorneys for Defendants, CITY OF FRESNO, CAPTAIN PAT RHAMES, EARL KAUNDART, AND CHRIS DICK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANETTE HOWELL, an individual<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF FRESNO; CAPTAIN PAT RHAMES; SERGEANT EARL KAUNDART; CHRIS DICK; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 1:07-cv-00371-OWW-NEW(TAG)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:   April 23, 2007<br>Time:  10:00 a.m.<br>Crtm:  3<br>Senior U.S. District Judge Oliver W. Wanger |

The motions of Defendants, CITY OF FRESNO, CAPTAIN PAT RHAMES, EARL KAUNDART, AND CHRIS DICK ("Defendants"), for dismissal, or alternatively more definite statement, and motion to strike, came on regularly for hearing on April 23, 2007, at 10:00 a.m., in the above-entitled Court, the Honorable Oliver W. Wanger, Senior U.S. District Judge, presiding. Appearing as counsel were Tina R. Griffin of the CITY OF FRESNO on behalf of Defendants, and Morris S. Getzels of the Law Office of Morris S. Getzels on behalf of Plaintiff, JEANETTE HOWELL ("Plaintiff").

/ / /

After considering the papers filed in support of and in opposition of the motions, and the arguments of counsel at the hearing on the motions, the Court finds that Defendants, CITY OF FRESNO, CAPTAIN PAT RHAMES, EARL KAUNDART, AND CHRIS DICK's motions are granted to dismiss and to strike Plaintiff's First Amended Complaint and every cause of action contained therein, on the following grounds:

**A.    All Defendants**

1. As to all Defendants, to dismiss the first cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim because Plaintiff failed to exhaust her administrative remedies with either the California Department of Fair Employment and Housing ("DFEH") or the Equal Employment Opportunity Commission ("EEOC").

2. As to all Defendants, to dismiss the second cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim because Plaintiff failed to exhaust her administrative remedies with either the California Department of Fair Employment and Housing or the Equal Employment Opportunity Commission.

3. As to all Defendants, to dismiss the first cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the action is barred by the statute of limitations.

4. As to all Defendants, to dismiss the second cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the action is barred by the statute of limitations.

5. As to all Defendants, to dismiss the third cause of action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because the above-referenced Court lacks subject matter jurisdiction over the claim.

6. As to all Defendants, to dismiss the fourth cause of action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because the above-referenced Court lacks subject matter jurisdiction over the claim.

7. As to all Defendants, to dismiss the third cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff fails to state claims under the

PDF created with pdfFactory trial version www.pdffactory.com

action.

8. As to all Defendants, to dismiss the fourth cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff fails to state claims under the action.

### B. Defendants Captain Rhames

1. As to Defendant, Captain Rhames, to dismiss all four causes of actions pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because such claims for discrimination cannot be asserted against an individual employee.

### C. Defendants Earl Kaundart

1. As to Defendant, Earl Kaundart, to dismiss all four causes of actions pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because such claims for discrimination cannot be asserted against an individual employee.

### D. Defendants Chris Dick

1. As to Defendant, Chris Dick, to dismiss all four causes of actions pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because such claims for discrimination cannot be asserted against an individual employee.

2. As to Defendant, Chris Dick, to dismiss the first cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim because Plaintiff failed to exhaust her administrative remedies with the DFEH or EEOC.

3. As to Defendant, Chris Dick, to dismiss the second cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim because Plaintiff failed to exhaust her administrative remedies with the DFEH or EEOC.

### E. Motion to Strike

1. As to all Defendants, to strike any and all DFEH and Title VII claims asserted by Plaintiff occurring more than one year prior to the filing of his administrative complaint with the DFEH or EEOC pursuant to Rule 12(f) of the Federal Rules of Civil Procedure because they are barred by the statute of limitations.

///

PDF created with pdfFactory trial version www.pdffactory.com

      2.      As to all Defendants, to strike paragraphs 23-30 of the First Amended Complaint because Plaintiff has failed to allege compliance with the California Tort Claims Act.

      3.      As to all Defendants, to strike Plaintiff's request, "[f]or interest on the sum of damages awarded, *calculated from January 27, 2006 to the date of judgment*," pursuant to Rule 12(f) of the Federal Rules of Civil Procedure because the latter italicized part is equivalent to a claim for prejudgment interest under California Civil Code §3291 which prohibits application to public entities or employees.

      4.      As to Defendant, Captain Pat Rhames, to strike any and all allegations asserting individual liability pursuant to Rule 12(f) of the Federal Rules of Civil Procedure because such claims for discrimination cannot be asserted against individual employees.  All references to "Defendants" should refer only to the entity, "City of Fresno."

      5.      As to Defendant, Earl Kaundart, to strike any and all allegations asserting individual liability pursuant to Rule 12(f) of the Federal Rules of Civil Procedure because such claims for discrimination cannot be asserted against individual employees.  All references to "Defendants" should refer only to the entity, "City of Fresno."

      6.      As to Defendant, Chris Dick, to strike any and all allegations asserting individual liability pursuant to Rule 12(f) of the Federal Rules of Civil Procedure because such claims for discrimination cannot be asserted against individual employees.  All references to "Defendants" should refer only to the entity, "City of Fresno."

      7.      As to Defendant, Captain Pat Rhames, to strike Plaintiff's request for punitive damages, "in an amount appropriate to punish Defendants for their wrongful conduct and set an example for others (except as to the Defendant City of Fresno)."  And to also strike in the body of the First Amended Complaint, Plaintiff's allegations that, "[t]he above-recited actions of Defendants were all despicable acts done with a wilful intention to injure Plaintiff on in conscious disregard of Plaintiff's rights under FEHA.  Further the refusal to hire Plaintiff was despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights under FEHA," pursuant to Rule 12(f) of the Federal Rules of Civil Procedure because a claim for punitive damages for violations of California statutes cannot be pleaded generally.

PDF created with pdfFactory trial version www.pdffactory.com

    8. As to Defendant, Earl Kaundart, to strike Plaintiff's request for punitive damages, "in an amount appropriate to punish Defendants for their wrongful conduct and set an example for others (except as to the Defendant City of Fresno)." And to also strike in the body of the First Amended Complaint, Plaintiff's allegations that, "[t]he above-recited actions of Defendants were all despicable acts done with a wilful intention to injure Plaintiff on in conscious disregard of Plaintiff's rights under FEHA.  Further the refusal to hire Plaintiff was despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights under FEHA," pursuant to Rule 12(f) of the Federal Rules of Civil Procedure because a claim for punitive damages for violations of California statutes cannot be pleaded generally.

    9. As to Defendant, Chris Dick, to strike Plaintiff's request for punitive damages, "in an amount appropriate to punish Defendants for their wrongful conduct and set an example for others (except as to the Defendant City of Fresno)."  And to also strike in the body of the First Amended Complaint, Plaintiff's allegations that, "[t]he above-recited actions of Defendants were all despicable acts done with a wilful intention to injure Plaintiff on in conscious disregard of Plaintiff's rights under FEHA.  Further the refusal to hire Plaintiff was despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights under FEHA," pursuant to Rule 12(f) of the Federal Rules of Civil Procedure because a claim for punitive damages for violations of California statutes cannot be pleaded generally.

  **IT IS SO ORDERED**:


Dated: 5/30/2007        By:  /s/ Oliver W. Wanger_____
                  Senior U.S. District Judge
                  OLIVER W. WANGER


TRG:elb [40409elb/trg]

PDF created with pdfFactory trial version www.pdffactory.com